ROBERT C. SCHUBERT (S.B.N. 62684)
(rschubert@schubertlawfirm.com)
WILLEM F. JONCKHEER (S.B.N. 178748)
(wjonckheer@schubertlawfirm.com)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161

*Local Counsel for Plaintiff*

*[Additional Counsel Appear on Signature Page]*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD HAKIMI,<br><br>Plaintiff,<br><br>-v-<br><br>PASSPORT CAPITAL, LLC, PASSPORT HOLDINGS, LLC, PASSPORT SPECIAL OPPORTUNITIES MASTER FUND, L.P., and JOHN H. BURBANK III,<br><br>Defendants,<br><br>and<br><br>HORTONWORKS, INC.,<br><br>Nominal Defendant. | Case No.<br><br>**(*Jury Trial Demanded*)**<br><br>**COMPLAINT** |

Plaintiff Todd Hakimi ("Hakimi"), by his undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 9, as follows:

**Introduction**

1. This is an action to obtain disgorgement of "short-swing" profits obtained by Defendants from purchases and sales of common stock of Nominal Defendant Hortonworks, Inc.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

("Hortonworks" or the "Company") in violation of Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b) or Section 16(b)").

2. Section 16(b) provides that if a person, while beneficially owning more than 10% of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

3. Defendant Passport Capital, LLC ("Passport Capital") and John H. Burbank III ("Burbank"), its founder, Chairman, Chief Investment Officer, and sole Managing Member, act as an investment manager to defendant Passport Special Opportunities Master Fund, LP ("Passport Master Fund"), a master fund in a master–feeder fund structure, and non-party feeder funds, Passport Special Opportunities Fund LP (a domestic fund)("Passport Domestic") and Passport Special Opportunities Fund LTD (an offshore fund)("Passport Offshore")(collectively, the "Passport Feeder Funds").

4. Defendant Passport Holdings, LLC ("Passport Holdings") is an affiliate investment advisory firm of Passport Capital ("relying adviser") and the general partner of Passport Master Fund and Passport Domestic. Burbank is a director of Passport Offshore.

5. Defendant Passport Capital and its affiliates organized and have investment interests in the Passport Master Fund and the non-party Passport Feeder Funds. Defendants, acting together as a group within the meaning of Section 13(d)(3) of the Exchange Act (the "Passport Capital Group"), made purchases and sales of Hortonworks equity securities within periods of less than six months while the Passport Capital Group was a greater than 10% beneficial owner of Hortonworks equity securities.

6. Passport Capital, Passport Holdings and Burbank have direct and/or indirect beneficial ownership of all securities held by Passport Master Fund.

7. Defendant Passport Capital's Form ADV dated March 31, 2017 (the "SEC Form ADV") discloses that Passport Capital and its "related persons" beneficially own 22% of Passport Master Fund. The SEC Form ADV defines the term "related person" as "any advisory affiliate

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and any person that is under common control with [the investment advisor].” SEC Form ADV defines the term “advisory affiliates” to include partners and control persons.

8. All Defendants maintain offices at Passport Capital’s principal place of business, One Market Street, Steuart Tower, Suite 2200, San Francisco, California 94105. A Chart showing the organizational and investment control structure of the Defendants and non-party Passport Feeder Funds is annexed as **Exhibit A**.

**The Parties**

9. Plaintiff Hakimi is a New York resident who is the owner of common stock of Hortonworks.

10. Defendant Passport Capital is a limited liability company organized under the laws of the State of Delaware.

11. Defendant Passport Holdings is a limited liability company organized under the laws of the state of Delaware.

12. Defendant Passport Master Fund is private hedge fund, structured as a British Virgin Islands limited partnership, and as a master fund in a master–feeder fund structure.

13. Non-Party Passport Domestic is a private hedge fund, structured as a limited partnership organized under the laws of the State of Delaware, and as a feeder fund to Passport Master Fund.

14. Non-party Passport Offshore is a private hedge fund, structured as a British Virgin Islands limited liability company, and as a feeder fund to Passport Master Fund.

15. Defendant Burbank, Passport Capital’s founder, Chairman, Chief Investment Officer, and sole Managing Member, controls 100% of its voting shares. Burbank also controls the investments of the Passport Master Fund and the Passport Feeder Funds, and has signed and currently signs documents filed with the Securities and Exchange Commission (“SEC”) on behalf of Defendants.

16. Nominal Defendant Hortonworks is a Delaware corporation with its principal place of business at 5470 Great America Parkway, Santa Clara, CA 95054.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Jurisdiction and Venue**

17. Jurisdiction of this Court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that Defendants maintain offices or are otherwise found in this District, and certain of the acts underlying this action occurred in this District.

18. Intradistrict Assignment: Assignment to the San Francisco/Oakland division of this Court is appropriate because certain of the named defendants are San Francisco-based entities and some of the conduct and actions described herein occurred in the City and County of San Francisco.

**Section 16(b) Group Activity**

19. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a six-month period. *See* Ownership Reports and Trading By Officers, Directors and Principal Security Holders, Exchange Act Release No. 34-28,869, at Section II.B.3., 56 Fed. Reg. 7242 (Feb. 21, 1991).

20. Defendants Passport Capital, Passport Holdings, Passport Master Fund and Burbank – the Passport Capital Group, constitute a group for purposes of determining beneficial ownership under §§ 13(d)(3) and 16 of the Exchange Act. At all relevant times, the Passport Capital Group was a greater than 10% beneficial owner of the Company's common stock, $0.001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.

21. As all purchases and sales of Common Stock for each of the Passport Capital Group members were directed by Burbank, at all relevant times, a group was formed and operative within

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

the meaning of §13(d)(3) of the Exchange Act, for the purpose of acquiring, holding and disposing of shares of Common Stock. Other indicia of group membership include the facts that: (i) Burbank is the sole decision maker for all investments of the Passport Capital Group members and non-party Passport Feeder Funds, (ii) Passport Capital acts as the Investment Adviser for Passport Master Fund, (iii) Passport Holdings, a controlled relying adviser of Passport Capital, acts as the General Partner of Passport Master Fund, (iv) Burbank is Passport Capital's founder, Chairman, Chief Investment Officer, and sole Managing Member, and controls 100% of its voting shares, (v) various SEC filings were made collectively on behalf of the Passport Capital Group members and signed by Burbank, (vi) Defendants operate out of the same office with the same employees, and (vii) the Defendants (other than Burbank) and the Passport Feeder Funds all bear the Passport name. These facts demonstrate that the Passport Capital Group members agreed to act together for the purposes of trading in the Company's equity securities.

**Defendants' Purchase and Sale Transactions**

22. From no later than February 29, 2016 through September 30, 2016, the Passport Capital Group purchased and sold shares of the Company while the Passport Capital Group was a greater than 10% beneficial owner of the Company's outstanding Common Stock. In Schedule 13G and Form 13F filings, the Passport Capital Group disclosed beneficial ownership as set forth below:

12/31/2015 – 1,708,177 shares

02/29/2016 – 7,182,273 shares[1]

03/31/2016 – 6,668,505 shares[2]

06/30/2016 – 6,905,870 shares[3]

09/30/2016 – 4,899,705 shares[4]

[1] Includes 513,768 shares owned by Burbank.
[2] Does not include shares owned by Burbank.
[3] Does not include shares owned by Burbank.
[4] Does not include shares owned by Burbank.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

These filings demonstrate that the Passport Capital Group both purchased and sold at least 237,365 shares and, almost certainly, in excess of an additional 0.9 million shares within a six-month period.

23. At all relevant times, the Passport Capital Group was a greater than 10% beneficial owner based on the outstanding shares of the Company's Common Stock, as reported by the Company. However, because the Passport Capital Group violated its reporting requirements under Section 16(a) of the Exchange Act, it is not possible to determine the full extent of the short-swing profits that the Passport Capital Group garnered in violation of Section 16(b). In addition, the Passport Capital Group violated the Williams Act by filing reports on Schedule 13G under SEC Rule 13d-1(b), even though the Passport Capital Group was required to file reports under SEC Rule 13d-1(c). Because the Passport Capital Group reported on Schedule 13G pursuant to SEC Rule 13d-1(b), assuming proper reliance on such Rule, the Passport Capital Group's Schedule 13G filing establishes that the Passport Capital Group's beneficial ownership exceeded 10% as of February 29, 2016, but could have exceeded 10% at any time during February 2016. The Passport Capital Group was not entitled to rely on SEC Rule 13d-1(b), but only eligible to file on Schedule 13G pursuant to SEC Rule 13d-1(c) which requires that a reporting person file "promptly" once its beneficial ownership exceeds 10%. In any case, Defendants' Schedule 13G establishes that the Passport Capital Group became a greater than 10% beneficial owner of the Company's Common Stock no later than February 29, 2016 and likely some time earlier in February 2016.

24. Based on the share prices of the Company's shares during the aforementioned periods, it is all but certain that the Passport Capital Group garnered short-swing profits of as much as $4.5 million or greater.

**AS AND FOR A CLAIM FOR RELIEF**

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24, *supra*, as if fully set forth herein.

26. As particularized in paragraphs 22 – 24, *supra*, the Passport Capital Group engaged in transactions which yielded short-swing profits subject to disgorgement to the Company.

27. Each of the Defendants has a pecuniary interest in short-swing profits realized by the Passport Capital Group and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to the Company their short-swing profits.

28. Plaintiff is unable to precisely ascertain the amount of the disgorgeable profits, but upon information and belief, these profits are approximately $4.5 million or greater.

**ALLEGATIONS AS TO DEMAND**

29. By letter dated February 13, 2017, Plaintiff made due demand on the Company to commence this lawsuit but it has failed to do so.

WHEREFORE, plaintiff demands judgment on behalf of Hortonworks against Defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: April 27, 2017

SCHUBERT JONCKHEER & KOLBE LLP

By: /s/ Willem F. Jonckheer
Willem F. Jonckheer

Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
wjonckheer@schubertlawfirm.com

Paul D. Wexler
110 E. 59th Street, 23rd Floor
New York, New York 10022
Telephone: (212) 317-0777
Facsimile: (212) 223-4911
pdw@paulwexlerlaw.com

Glenn F. Ostrager
Joshua S. Broitman
OSTRAGER CHONG FLAHERTY
& BROITMAN P.C.
570 Lexington Avenue
New York, New York 10022

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Telephone: (212) 681-0600
Facsimile: (212) 681-0300
gostrager@ocfblaw.com

*Attorneys for Plaintiff*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

# EXHIBIT A

## PASSPORT CAPITAL GROUP

